USCA1 Opinion

 

 September 6, 1996 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 96-1189 UNITED STATES, Appellee, v. HUMBERTO PRADA-CORDERO, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Hector M. Laffitte, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Cyr and Stahl, Circuit Judges. ______________ ____________________ Ramon Garcia on brief for appellant. ____________ Guillermo Gil, United States Attorney, Nelson Perez-Sosa, ______________ ___________________ Assistant United States Attorney, Jose A. Quiles-Espinosa, Senior ________________________ Litigation Counsel, and Edwin O. Vazquez-Berrios, Deputy Chief, __________________________ Criminal Division, on brief for appellee. ____________________ ____________________ Per Curiam. Upon careful review of the briefs and ___________ record, it clearly appears that no substantial question is presented and that summary disposition is appropriate.  Defendant's drug sentence was within the legislatively authorized sentencing range for that offense, and so the subsequent sentence for failure to appear did not constitute double jeopardy, even though the drug sentence included an enhancement for obstruction of justice based on defendant's failure to appear. See United States v. Jernigan, 60 F.3d ___ _____________ ________ 562, 564-65 (9th Cir. 1995).  Further, the total of the two sentences imposed for the drug offense and the failure to appear offense (113 months) was within the applicable sentencing guideline range which would have applied if the two sentences had been imposed in a single proceeding (97 to 121 months). Therefore, the total sentence was consistent with the sentencing guidelines, including U.S.S.G. 2J1.6 Application Note 3 and 3C1.1 Application Note 6, and there was no double counting problem here. Cf. United States v. Agoro, 996 F.2d 1288, 1291 (1st ___ _____________ _____ Cir. 1993). Affirmed. See 1st Cir. Loc. R. 27.1. ________ ___ -2-